DEL VALLE, PLAINTIFF AND APPELLEE, v. RIVERA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
an Action of Injunction for the Recovery of Posses-
sion of Real Property.

No. 1383.—Decided March 24, 1916.

INJUNCTION TO RECOVER POSSESSION OF REAL PROPERTY—COMPLAINT—FORCIBLE
OR FRAUDULENT ACTS.—One of the essential allegations of a complaint in
an action of injunction to recover the possession of real property, as author-
ized by Act No. 43 of March 13, 1913, is that the plaintiff has been deprived
of the possession of his property by fraudulent or forcible acts; for if there
were no deprivation of possession, a judgment to restore the plaintiff to
possession could not be executed.

ID.—LOSS OF POSSESSION OF PART OF PROPERTY—DESCRIPTION OF PROPERTY—
JUDGMENT.—When the possession of only a part of the property has been
lost and not all of it, the part whose possession has been lost should be
described in order that the plaintiff may be restored to possession if the
judgment should be in his favor. The property or the part of it sought to
be recovered is what should be described in the complaint.

ID.—ACTUAL DEPRIVATION OF PROPERTY—INTENTION.—The action authorized by
Act No. 43 of March 13, 1913, lies only when there is an actual deprivation
of possession and not when this has not been effected, although acts have
been committed which show an intention to effect such deprivation, for the
action lies only to recover the possession and not to retain the same against
acts which threaten its loss.

ID.—ENTERING PROPERTY—CUTTING DOWN TREES—DISTURBANCE OF POSSESSION—
DAMAGES.—The mere act of entering the property of another with cane-knives
or even of cutting down some of the trees does not necessarily carry with
it as a consequence the fact that the owner was deprived of the actual pos-
session of the property or of a part of it. It would be an act of disturbance
of possession or of damages, but not of deprivation of the actual possession
of the property.

The facts are stated in the opinion.

*Mr. Enrique Márquez* for the appellant.

*Mr. Rafael López Landrón* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the complaint instituting this action Pedro del Valle
alleged that he was the owner and had been in possession
for many years of a property of twenty-nine *cuerdas* of land
which he described by giving the names of the owners of the
adjoining properties, the property bounding his property on

the south being owned by the defendant, Ramón Rivera; that six days before the complaint was filed the said Rivera, assisted by armed persons, entered upon the said property of the plaintiff without his permission, against his will and without order or process of jurisdictional authority and deprived him of the "peaceful and full use of the property and adopted ways and means for crossing and enclosing the same, taking away from the plaintiff a considerable part of the property."

Judgment was rendered against the defendant in the terms prayed for in the complaint, it being ordered that Pedro del Valle be immediately restored to the actual and physical possession of the property of twenty-nine *cuerdas* of land, which was described also in the judgment, warning Ramón Rivera to abstain in the future from any act of violence against the real possession of said property under penalty of contempt of court and imposing upon him the costs, disbursements and attorney fees of the plaintiff. Ramón Rivera took this appeal from that judgment and prayed for its reversal.

The complaint sets up an action of injunction to restore the possession of real property as authorized by Act No. 43 of March 13, 1913. According to that act, if it is alleged and proved that within four months prior to the filing of the complaint the complainant was in the actual possession of the property and that he was deprived thereof by forcible or fraudulent acts of the defendant, judgment shall be rendered ordering that the plaintiff shall be restored to possession and warning the defendant to abstain in the future from the commission of such acts or of others which show the same intent. Hence one of the essential facts in a case of this kind is that the plaintiff has been deprived of the possession of the property by forcible or fraudulent acts of the defendant, for if there were no deprivation of possession a judgment to restore the plaintiff to possession could not be executed. Of course, if the possession of only a part

of the property has been lost and not of all of it, the part whose possession has been lost should be described in order that the plaintiff may be restored· to its possession if the judgment should be in his favor. The property or the part of it sought to be recovered is what should be described in the complaint. We must point out also that the action authorized by this act lies only when there is a material deprivation of possession and not when this has not been effected although acts have been committed which show an intention to effect such deprivation, for the action lies only to recover the possession and not for retaining the same against acts which threaten its loss.

In the light of the foregoing, let us see whether the evidence sustains the judgment rendered against the defendant in this case.

The findings of the judge on the evidence were as follows:

"Having examined as a whole the evidence introduced by both parties, it appears to be proved satisfactorily that the petitioner is the lawful owner of the property described in the second count of the complaint and that the defendant, who owns adjoining land, went upon the said property on the day stated in the complaint accompanied by several persons armed with cane-knives and committed acts of violence, thereby depriving the petitioner of the material possession of his property and disturbing and obstructing him in its lawful use.

"All the witnesses for the petitioner agreed to the essential fact that the property described in the complaint belongs to the petitioner and fixed its boundaries with sufficient exactness, testifying that the acts of violence committed by the defendant and those with him were committed within the limits of that property where they cut down trees and threatened the owner; but as some indications were made by certain witnesses during the first day of this trial which created some confusion in regard to the place where these acts of violence had been committed, the court adjourned the trial and ordered that two experts, one to be named by each party, should make a survey of the property with the title deeds of the respective owners before them and jointly or separately submit a plan or plans of the true boundaries of the two properties.

"For some unknown reason this order was not complied with, nor did the expert even testify before the court. The witnesses testified that the survey was made of the properties of the defendant and that the said survey was the cause of the discord between him and the petitioner and of the acts of violence which took place there. For this reason we must decide that question solely on the documentary and oral evidence introduced by the parties, among the latter being that of the petitioner's expert, Noble, who said that he had surveyed the lands of the petitioner according to all the requirements of law. From an examination of all this evidence it results that the facts alleged in the complaint have been proved and that judgment should be rendered according to its prayers."

We are of the opinion that neither the facts which the trial court considered proved nor the evidence itself can sustain a judgment against the defendant. All that the court held to be proved was that the defendant, accompanied by other persons armed with cane-knives, went upon the property of the plaintiff and committed acts of violence from which it infers that the plaintiff was deprived of the material possession of his property, but it makes no finding of the existence of the fact of the deprivation of all or a part of the property. The mere act of entering upon the property of another with cane-knives, or even of cutting down some of the trees, does not necessarily carry with it as a consequence the fact that the owner was deprived of the material possession of the property or of a part of it. It would be an act of disturbance of possession or of damages, but not of deprivation of the material possession of the property.

Furthermore, after examining the testimony of the large number of witnesses called at the trial, the conclusion is reached that the evidence does not show that the plaintiff was deprived of the possession of his property in whole or in part. There is no contradiction between the witnesses for the parties regarding the fact that one surveyor made a survey of a property of thirty-one *cuerdas* in the possession of the defendant, Ramón Rivera, which adjoins the prop-

erty of Pedro del Valle and the only discrepancy is whether in order to make the survey he went upon the property of the plaintiff, due, perhaps, to the fact that there was no natural boundary or fence separating the properties, and whether this was done forcibly; for while the witnesses for the defendant testified that Pedro del Valle did not oppose the survey, that they did not go upon his property and that they committed no act of violence because they carried the cane-knives and used them only for opening a path through the trees in order to make the survey, the witnesses for the plaintiff testified that Pedro del Valle opposed the survey and that in order to make it his property was trespassed upon and a path opened thereon with cane-knives.

This is all that can be gathered from the evidence of the parties; therefore the conflict therein having been decided by the lower court against the defendant, all that appears to be proved is that there was a survey of the property of the defendant, that in order to make it several persons entered the property of the plaintiff carrying cane-knives and cut a path through the trees for that purpose and that all this was done against the will of the plaintiff, but it cannot be deduced from these facts that the plaintiff was thereby deprived of the material possession of his property, and there is no proof that this occurred.

The allegation of the complaint that the defendant "took away" (*arrebató*) from the plaintiff a considerable part of his property has not been proved nor was such part of the property described.

The judgment appealed from should be reversed and another rendered in favor of the defendant, without special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.